# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK SAM GERACIE,

        Plaintiff,

v.                                        Case No. 09-CV-1048

MUSKEGO POLICE DEPARTMENT and
TESS CORNERS FIRE DEPARTMENT,

        Defendants.

## ORDER

On November 6, 2009, Rick Sam Geracie ("Geracie") filed a complaint against the Muskego Police Department and the Tess Corners Fire Department. (Docket #1). Accompanying his complaint was a motion to proceed in forma pauperis, (Docket #2), and a motion to appoint counsel, (Docket #3). The matter was randomly assigned to Magistrate Judge Aaron E. Goodstein but was reassigned to this court because the parties have not consented to the full jurisdiction of a magistrate judge.

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that his case: (1) is not frivolous or malicious; (2) does not fail to state a claim upon which relief may be granted; and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is

based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Based upon the information contained in his financial affidavit, the court is satisfied that the plaintiff lacks the financial resources to pay the required filing fee, and, therefore, the court shall turn to the second step of the analysis.

A civil complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Rule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 2009 U.S. App. LEXIS 18711 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Recently, the Supreme Court has addressed the question of just how short and plain that statement may be. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009);

*Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Seventh Circuit synthesized the recent holdings of the Court regarding the pleading standard set forth in Rule 8(a)(2) and stated:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks*, 578 F.3d 574, 2009 U.S. App. LEXIS 18711, 15.

Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556, 557, 570) (internal citations and quotation marks omitted).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id.* at 1950 (internal citations, brackets, and quotation marks omitted). A complaint is not insufficient merely because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

As alleged in his complaint, after the Muskego Police Department installed cameras in Geracie's neighborhood in October of 1999, the police department got high school and college students as well as Tess Corners firefighters to chase him with cell phones. Geracie continues to be followed by people with cell phones and now it includes people Geracie does not know in his neighborhood as well as the senior class at Muskego High School. Geracie contends that these individuals following him with cell phones have been related to law enforcement's efforts to get search warrants. Geracie contends that between January and June of 2006, the defendants and "theis groups of people" followed him, at one time with 20 to 30 cars, but always with their cell phones, to Potawatomi Casino, where they spread rumors about him and eventually led to Geracie being permanently banned from the casino.

Geracie alleges that on "May 12, 2006 Muskego police came to my home and searched my belongings on a falsified report that they just made up when I called and complained about theis house partys of people following me . . . ." (Docket #1 at 4). The Muskego police are also allowing groups of people to listen in on Geracie's cordless phone calls by using scanners. Geracie has repeatedly called the

-4-

Muskego Police Department over the past 10 years requesting that it stop its harassment but he is just laughed at.

In the view of the court and following the *Iqbal* standard, Geracie has failed to allege a plausible claim for relief. Geracie no doubt believes the allegations contained in his complaint, but they go beyond the mere improbable, and appear entirely fantastical. A wide-reaching conspiracy involving all of Geracie's neighbors, the firefighters of Tess Corners, and the senior class of Muskego High School, all coordinated by the Muskego Police Department in which all have agreed to follow Geracie with cell phones in an effort to harass him or to obtain search warrants is material for a movie script. However, from a legal standpoint, it is entirely implausible and thus does not present a cognizable claim for relief. Further, to the extent that Geracie may be alleging a violation of his Fourth Amendment rights in that the Muskego police searched his belongings based upon a falsified report, without additional factual allegations, this conclusory statement is insufficient to present a claim for relief. Accordingly, the court shall recommend that Geracie's motion to proceed in forma pauperis be denied and Geracie's complaint dismissed.

As for Geracie's motion for the appointment of counsel, although this motion is mooted by the dismissal of his complaint, for the sake of completeness, the court shall briefly address it here.

Civil litigants do not have a constitutional or statutory right to appointed counsel. However, the court has the discretion to request attorneys to represent

indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir.2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). The court's authority is limited to simply requesting an attorney to represent an indigent litigant; the court has no authority to compel an attorney to represent a litigant. *Pruitt*, 503 F.3d at 653. Therefore, in reality, this court has no authority to actually "appoint" an attorney for a civil litigant, but rather the court's role is limited to essentially "recruiting a volunteer." *Id.* at 654. Further, the court lacks any resources to compensate an attorney for his or her time and thus, any attorney who agrees to represent a civil litigant at the request of this court will do so without compensation for those efforts.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Geracie's motion states simply, "I would like to please ask the court . . . [t]o have the court appoint an Attorney for me because Im Indigent." (Docket #3). Geracie's has failed to demonstrate that he has made reasonable efforts to obtain

-6-

Case 2:09-cv-01048-AEG    Filed 11/16/09    Page 6 of 7    Document 5

counsel on his own and thus, even if the motion were not moot, the motion would be denied upon its merits.

**IT IS, THEREFORE, ORDERED** that Geracie's motion to proceed in forma pauperis (Docket #2) is **DENIED** and his complaint be and the same is hereby **DISMISSED**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Geracie's motion for the appointment of counsel (Docket #3) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge